# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-0295** (Berkeley County CC-02-2019-F-259)

**Daniel Vigil,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Daniel Vigil appeals the order of the Circuit Court of Berkeley County, entered on March 23, 2022, sentencing him to imprisonment for his conviction of two counts of sexual abuse in the first degree.[1] He asserts two assignments of error. He argues, first, that the circuit court erred in admitting into evidence the recorded forensic interview of the minor victim and, second, that the circuit court erred in denying his motion for judgment of acquittal. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court is appropriate. *See* W. Va. R. App. P. 21.

In late 2018, five-year-old L.L. told her mother that she had been abused at the home of family friends with whom she regularly had overnight visits. The mother contacted the West Virginia State Police. In response, Cpl. George Merkich began an investigation and referred L.L. for a forensic interview at the Children's Advocacy Center ("CAC"), where L.L. identified her abuser as "Daniel." Cpl. Merkich then interviewed and subsequently arrested Mr. Vigil (the petitioner). Mr. Vigil was charged with two counts of sexual assault in the first degree (W. Va. Code § 61-8B-3(a)(2)) and later found guilty by a jury of two counts of the lesser included offense sexual abuse in the first degree (W. Va. Code § 61-8B-7(a)).

We begin with Mr. Vigil's first assignment of error. Prior to trial, the State gave formal notice that it intended to offer L.L.'s recorded CAC interview as trial evidence, and Mr. Vigil objected.[2] After hearing the testimony of Ami Sirbaugh, the CAC forensic interviewer who met with L.L., the circuit court entered a pretrial order ruling the CAC interview admissible. "'"Rulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, [171 W.Va. 639], 301 S.E.2d 596, 599 (1983)." Syl. pt. 2, *State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574

---

[1] Mr. Vigil appears by counsel J. Daniel Kirkland. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

[2] Neither the notice nor the objection was included in the appendix record on appeal.

(1983).' Syl. Pt. 4, *State v. Farmer*, 185 W.Va. 232, 406 S.E.2d 458 (1991)." Syl. Pt. 1, *State v. Michael C.*, 248 W. Va. 75, 887 S.E.2d 60 (2023).

Mr. Vigil argues that the circuit court abused its discretion because the recorded interview constitutes inadmissible hearsay.[3] However, according to the pretrial order, the circuit court found L.L.'s recorded interview analogous to the one we found admissible in *State v. Edward C.*, No. 19-0831, 2020 WL 6051314 (W. Va. Oct. 13, 2020) (memorandum decision). *Edward C.* discusses Rule 803(4) of the West Virginia Rules of Evidence, which sets forth an exception to the rule against hearsay for "[a] statement that: (A) is made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause." As we explained in *Edward C.*,

> [t]he two-part test set for admitting hearsay statements pursuant to W. Va. R. Evid. 803(4) is (1) the declarant's motive in making the statements must be consistent with the purposes of promoting treatment, and (2) the content of the statement must be such as is reasonably relied upon by a physician in treatment or diagnosis.

2020 WL 6051314, *2 (quoting Syl. Pt. 5, *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990)). Although "[t]he testimony is inadmissible if the evidence was gathered strictly for investigative or forensic purposes[,]" *Edward C.*, 2020 WL 6051314, *2, we find that is not the case here. We agree with the circuit court that the case before us is comparable to *Edward C.*, and that the State met the requirements of the *Edward Charles L.* two-part test.

Mr. Vigil argues that it is evident that the interview was conducted strictly for investigative purposes because Cpl. Merkich relied solely on the interview for his investigation. It does not follow, however, that the interview had no other purpose. According to Ms. Sirbaugh, the CAC "engag[es its] team to make sure that the child's needs are being met in the forefront before any of the investigation even takes place" with the goal that "we get all of the questions answered in one setting so that the child can move on from disclosure to healing." Ms. Sirbaugh testified that when the CAC applied its approach in this case, "there were a lot of indicators in that interview of [L.L.'s] need for treatment," prompting Ms. Sirbaugh to recommend therapy. In fact, Ms. Sirbaugh testified that she was mindful that she should not "focus[] on obtaining the details of the abuse that [L.L.] experienced" where Ms. Sirbaugh was presented with the "indication that [L.L.'s] treatment is the most important thing." Noting that L.L. did not receive therapy for some time after the CAC interview, Mr. Vigil challenges the interview's therapeutic objective. Ms. Sirbaugh, however, explained that the delay preceding L.L.'s therapy was attributable to L.L.'s mother's hesitancy to give consent. It is undisputed that consent ultimately was given and L.L. was treated based on Ms. Sirbaugh's referral. Consequently, the circuit court did not abuse its discretion in its evidentiary ruling when it found the recorded interview admissible.

---

[3] Mr. Vigil briefly argues that the recorded interview presents evidence cumulative to the testimony of Cpl. Merkick, Ms. Sirbaugh, L.L.'s mother, and L.L.'s therapist and is, therefore, more prejudicial than probative. *See* W. Va. R. Evid. 403. Mr. Vigil has failed to cite specific testimony in support of this assertion, and we find that the circuit court did not abuse its discretion when it found that the probative value of L.L.'s interview statements was not substantially outweighed by the danger of unfair prejudice.

In his second assignment of error, Mr. Vigil argues that the State failed to present sufficient evidence of his guilt and the circuit court, therefore, erred in denying his motion for judgment of acquittal, which he made at the close of the State's case-in-chief and renewed at the close of evidence. "The Court applies a *de novo* standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence. *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)." *State v. Juntilla*, 227 W. Va. 492, 497, 711 S.E.2d 562, 567 (2011). In further explanation, we have held:

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

*Id*. at 494, 711 S.E.2d at 564, Syl. Pt. 1.

To support a conviction of sexual abuse in the first degree, the State had to prove that Mr. Vigil subjected L.L. to sexual contact when he was fourteen years old or more and she was younger than twelve years old. *See* W. Va. Code § 61-8B-7(a)(3). It is undisputed that both of their ages fell within these statutory parameters. Moreover, the State's trial evidence showed that L.L. identified Mr. Vigil by name as the person who "touched in her vagina and her butt" when she was supposed to be sleeping on a living room couch in the home. L.L.'s mother testified that L.L. was unwavering in her continued identification of "Daniel" as the perpetrator. When L.L. testified, she said that she knew "Daniel" touched her because she saw his face in the light of the television playing in the living room. When asked on direct examination, "Could it have been anyone else in the house that did this to you or are you sure it was Daniel?" L.L. responded, "I am sure."

Mr. Vigil argues that this evidence is insufficient because L.L. did not provide a physical description of Mr. Vigil or of several other male residents of the home where she was abused. There is, however, no evidence that L.L. named anyone other than Mr. Vigil as her abuser. Mr. Vigil also argues that he presented evidence that he did not spend time in the home during the time that L.L. was abused. On cross-examination, however, Mr. Vigil admitted that when he was interviewed by Cpl. Merkich, he reported that he spent "every other weekend" at the residence. When viewing this evidence in the light most favorable to the State, a reasonable person could be convinced beyond a reasonable doubt of Mr. Vigil's guilt. We conclude that the circuit court did not err in denying Mr. Vigil's motion for a judgment of acquittal.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison


Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.